Battle, J.
 

 The counsel for the defendants have, in their argument here, placed their defense upon two grounds :
 

 
 *192
 

 First.
 
 That the execution wbicb came to Johnson’s hands, being upon a j udgment against one partner for his individual debt, did not relate back to its
 
 testa
 
 so as to prevent one of the other partners from assigning the partnership effects in satisfaction of partnership debts.
 

 Secondly.
 
 That the defendant, as sheriff, was not bound— at least not without an indemnity — to levy the execution upon goods which were not in the possession of the defendant therein, but in that of another person, who claimed them as his own.
 

 The counsel have not been able to refer us to an adjudicated case, or to any elementary writer, directly in point upon their first ground, yet, we believe the doctrine for which they contend, is correct. At common law a
 
 fieri facias
 
 had relation to its teste, and bound the goods and chattels of the defendant as to him, and all persons claiming under him, from that time, 2 Bac. Abr. J33 ; Bing, on Judgments and Executions 190, 191, 192, (13 Law Lib. 80, 81);
 
 Gilley
 
 v.
 
 Dickerson,
 
 2 Hawks’ Rep. 341. The reason upon which this rule was founded was that, if it were otherwise, the defendant might, as soon as a judgment was obtained against him, sell his property, and thus deprive the plaintiff of the fruits of his recovery. But in England it was found to operate so hardly upon
 
 Iona fide
 
 purchasers, that it was changed as to them by the statute 29th Ch. 2, so as to bind the property, only from the delivery of the writ to the sheriff. Bac. Abr. and Bing, on Judgments and Executions,
 
 ubi sivpra.
 
 That statute has never been in force in this State, and, as we have not enacted a similar one, the rule of the common law still prevails here, as is shown by
 
 Gilky
 
 v.
 
 Dickerson, Green
 
 v.
 
 Johnson,
 
 2 Hawks’ Rep. 309, and many other cases.
 

 This rule of the relation of an execution to its
 
 teste,
 
 applies clearly then to the goods of the defendant while he holds in his individual right; but does it apply to such as he may hold in partnership with others ? It is very certain that tho interest which one has in partnership is, in many respects, materially different from that which he has in his separate pro
 
 *193
 
 perty. Of the latter, he alone has a right to dispose; but of the goods and chattels belonging to a partnership, each partner has a right to sell them in the course of their business, or to assign them in payment of antecedent debts of the firm, br as security for debts thereafter to bo contracted on account of the firm ; Collyer on Part., sec. 394, 395, and note 3 to the last-named section in Perkins’ edition. Now, in the case of an execution against the separate goods of a defendant, the doctrine of relation may well apply; for, as is said in
 
 Hardy
 
 v.
 
 Jasper,
 
 3 Dev. Rep. 158, “ he is not permitted to defeat
 
 theproeess.”
 
 To this extent it may be sustained upon some show of reason; but that it ought not to be stretched farther, is shown by that very case, in which it was held, that if a
 
 fi. fa.
 
 be issued to one county, and afterwards, an
 
 alias
 
 to another, a sale by the defendant of his property situated in the latter county, made while the first writ was in the hands of the sheriff, was valid. Had the property been in the first county, and the alias issued to the sheriff of that, the goods would have been bound by the
 
 teste
 
 of thefirst execution.
 
 Brasfield
 
 v.
 
 Whitaker,
 
 4 Hawks’ Rep. 309
 
 ; Palmer
 
 v.
 
 Clark,
 
 2 Dev. Rep. 354. The hardship of this rule evidently operated upon, and influenced, the minds of the Judges in deciding that the case of
 
 Hardy
 
 v.
 
 Jasper
 
 did not come within it. “ The party (they say) is restrained by the writ from disposing of any thing, which, by the same writ, can' be taken in satisfaction of the debt. This is carrying it far enough ; for often, executions, by the fictitious relation to the
 
 teste,
 
 over-reach honest and
 
 bona fide
 
 sales. We find the law upon that subject certain and settled, and, therefore, we cannot change it from any sense of hardship.” But as the law was not found to be so settled, when the first
 
 fi.fa.
 
 and the
 
 alias
 
 issued to different counties, the Court would not extend the doctrine of relation to such a case. If the doctrine were extended to an execution against a partner for his separate debt, the evils resulting from it would be vastly greater. If is now well settled, both in England and in this State, as well as in many of the other States of tiie Union, that, under such an execution, the sheriff
 
 *194
 
 may seize and sell tbe partnership effects. Collyer on Part., sec. 822, and note 2 thereto in Perkins’ Edition;
 
 Vann
 
 v.
 
 Hussey,
 
 1 Jones’ Rep. 381. Each and every partner has also the undoubted right
 
 to
 
 sell or transfer, in the course of business, or in the payment of debts, each and every article belonging to the firm. Each and every purchaser of those articles might be affected by this inexorable rule of relation, if it were allowed to prevail in such a case. But it cannot be. The right of one partner to sell, and the right of the sheriff to seize the goods by relation under an execution against another, are inconsistent, and one of them must give way to the other. The right of disposition in the partner is, in our opinion,^the prior and paramount right, and that of the sheriff to seize the goods, must yield to it and be restricted to such goods as are in the possession of the firm when the officer goes to levy his execution. There is a marked difference between the interest acquired by a purchaser from a copartner, and from the sheriff. The former gets an absolute right in severalty, while the latter becomes a tenant in common of the article with the other partner, and takes subject to an account between the partners and to the equitable claims of the partnership creditors. See note 2 to 822 section of Perkins’ Collyer on Partnership.
 
 Treadwell
 
 v.
 
 Rascoe,
 
 3 Dev. Rep. 50. This difference in favor of the interest of the purchaser from the partner, may, in some degree, tend to show the superiority of his right of disposition, and that it cannot be superseded by the relation of an execution to its teste.
 

 But, perhaps, it may be said that, as the debtor partner has the same power of disposition over all the partnership effects as the others, therefore, all such effects are bound by the relation of the execution to its
 
 teste,
 
 whether sold by him or by the other partners. To this, the reply is, that there is a distinction in this respect, between the debtor’s separate and partnership property, in one case, at least, which is well settled upon undoubted authority: If a debtor die after a judgment is rendered against him, an execution may be issued against his goods after his death, which will bind them in the
 
 *195
 
 hands of his executor or administrator, and the sheriff may levy upon andsell them. 2 Bac. Abr. ; Bing, on judgments and executions,
 
 ubi supra.
 
 The reason of this is, that the executor or administrator
 
 represents
 
 the debtor, and can no more “defeat
 
 the process”
 
 than the debtor himself, had he lived, could have done it; but the partnership goods do not devolve upon the executor or administrator of the debtor partner ; as to such goods the debtor is not represented by him ; the goods vest in the surviving partners, who have the power to sell them for the purpose of paying the debts of the firm and closing the partnership business. The surviving partners claim the goods, not as the representatives of the deceased, but by a right which is incidental to the compact of copart-nership. That right cannot be defeated by what Judge Buffix, in
 
 Hardy
 
 v. Jasper, calls a fictitious relation of an execution to its teste.
 

 Another instance may be adverted to, to show that an execution is not always efficacious by relation to its
 
 teste.
 
 When several executions, issuing from different competent tribunals, are in the hands of different officers, there, to prevent conflicts, if the officer holding the junior execution seizes property by virtue of it, the property so seized is not subject to the execution in the hands of the other officer, although first tested.
 
 Jones
 
 v. Judkins, 4 Dev. and Bat. Rep. 454. Lord EllbN-boeough, in
 
 Payne
 
 v.
 
 Drewe,
 
 4 East 523, held that where there are several authorities equally competent to bind the goods of a party, when executed by a proper officer, that they shall be considered as effectually, and for all purposes, bound by the authority which first actually attaches iqpon them in point of execution, and under which, an execution shall be first executed by a levy.
 

 Our conclusion then, is, that the execution which came to the hands of the sheriff in the present case, after an assignment of the partnership effects by one of the partners in satisfaction of partnership debts, did not, by relation to its teste, over-reach such assignment, and, consequently, the sheriff was justified in his return of
 
 nulla
 
 Iona, This makes it un
 
 *196
 
 necessary to notice particularly the second ground of defense, though, we may say, it seems to be well sustained, both by reason and authority.
 

 Pee CueiáM. Judgment affirmed.